# United States District Court

_____ DISTRICT OF __DELAWARE__ _____

UNITED STATES OF AMERICA
V.

JOHN GRAMLICH

**CRIMINAL COMPLAINT**

CASE NUMBER: 07- /6 9 M

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 7, 2007 through August 28, 2007 in Kent county, in the _____ District of Delaware defendant(s) did, (Track Statutory Language of Offense)

commit the offense of knowingly receiving, distributing and possessing, and attempting to do so, visual depictions of minors engaging in sexually explicit conduct, interstate commerce

in violation of Title __18__ United States Code, Section(s) __2252A(a)(1)(2) and (5)(B)__.

I further state that I am a(n) Special Agent, United States Immigration & Customs Enforcement and that this complaint is based on the following facts:

AFFIDAVIT attached.

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

*Signature of Complainant*
Michael Deshaies, Special Agent
U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

August 29, 2007
Date

at Wilmington, Delaware
City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer

*Signature of Judicial Officer*

## **AFFIDAVIT**

I, Michael J. Deshaies, being duly sworn, depose and state the following:

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), assigned to the Resident Agent in Charge office in Wilmington, Delaware. I have been employed as a Special Agent since October 01, 1997, when the INS employed me. The INS investigations branch was transferred to the U.S. Department of Homeland Security as Immigration and Customs Enforcement ("ICE") in March 2003. As part of my official duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.

2. This affidavit is submitted in support of a Criminal Complaint charging John Gramlich with violation of Title 18, United States Code, Sections 2252A, which prohibits a person from knowingly transporting, receiving, distributing or possessing in interstate or foreign commerce, by computer or mail, any visual depiction of minors engaging in sexually explicit conduct (child pornography).

3. On August 7, 2007, Det. Ronald Garland of the Delaware State Police High Technology Crimes Unit conducted an undercover Internet investigation into the distribution and receipt of child pornography via file peer to peer file sharing networks. Det. Garland located a computer offering to share a specific video file known to contain child pornography. Det. Garland was presented with a specific IP address (the target IP address). Det. Garland was able to determine that the target IP address was identified to an Internet Service provide in Delaware.

4.    Det. Garland was able to browse the publicly available shared file directory of the computer associated with target IP address. A total of 603 files were being shared and based on the titles, several files within this directory appeared to be pornographic movie files depicting minors engaged in prohibited sexual acts. A listing of the files and verification of a connection between the investigative computer and the suspect computer, Netstat log, was preserved for evidentiary purposes. The log establishes those files were present on the suspect computer at that time.

5.    Det. Garland compared the 603 files unique SHA-1 values found on the computer associated with target IP address with previously identified child pornography. Det. Garland determined that 103 files of the files were of known child pornography.

6.    On August 8, 2007 a WHOIS inquiry on the target IP address and found it to be issued to a subscriber with Comcast Cable Communications.

7.    On August 9, 2007 Det Mathew Zolper of the Delaware State Police High Technology Crimes Unit requested and received a Delaware subpoena, directing Comcast Cable Communications to supply subscriber information as well as Internet connection access logs for the person assigned/using the target IP address on August 7, 2007, at the specific hour, minute and second of Det. Garland's contact with that IP address.

8.    On August 20, 2007, Delaware State Police (DSP) received a response from Comcast Cable Communications indicating that the account belonged to John Gramlich at a specified address in Dover, Delaware (subject premises).

9.    On August 27, 2007, the District Court for the District of Delaware issued a search warrant for the subject premises.

10.    On August 28, 2007, your affiant executed the search warrant at the subject premises, at which time John Gramlich was present. In an interview with your affiant, John Gramlich stated

that he was the sole occupant of the premises and investigators would find child porn on his computer. Gramlich was further interviewed by a special investigator with the State of Delaware Department of Justice during which Gramlich stated that for over a year he had been downloading pictures of children in sex acts from the Internet using a file sharing program, that those pictures would be on his computer, and that he masturbated when viewing the pictures. He denied that he had programmed his computer to share these pictures with other computers.

11. On August 29, 2007, your affiant spoke with Det. Garland, DSP, a forensic expert in the examination of computers. Det. Garland accompanied your affiant in the execution of the search warrant, during which two computers were seized Det. Garland advised that after a preview of one of the computers, which was connected to the Internet, he found 174 videos and 47 still images of known child pornography. Det. Garland also advised that Gramlich's computer had hundreds of cartoon images of children being tortured and raped.

## Conclusion

12. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that John Gramlich has committed violations of 18 U.S.C. §§ 2252A.

Michael J. Deshaies
Special Agent Michael J. Deshaies
Immigration & Customs Enforcement